**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**


**ELIZABETH M. GALLUP, M.D.,**

        **Plaintiff,**

        **v.**                            **Case No.  05-2015-JWL**

**RADIANT RESEARCH, INC., and**
**KATHY SCOTT-DAWDY,**

        **Defendants.**

_____


**MEMORANDUM AND ORDER**

      Plaintiff filed a petition in the district court of Wyandotte County, Kansas on December 21, 2004, alleging breach of contract against Radiant Research, Inc. ("Radiant").[1]  Radiant filed a notice of removal (Doc. # 1) in this court on January 10, 2005, based on diversity of citizenship jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441, as there was complete diversity between the parties and the amount in controversy exceeded $75,000.   On January 27, 2005, before Radiant filed an answer, plaintiff filed her first amended petition for damages (Doc. # 4), where in addition to the breach of contract claim contained in the original petition, plaintiff alleged that Radiant and Kathy Scott-Dawdy, a Kansas citizen, as an employee of

_____

      [1]   Because plaintiff's suit was originally filed in Kansas state court, plaintiff filed a petition, stating her claims against Radiant, which is the equivalent of a complaint in federal court.

Radiant and in her individual capacity, tortiously interfered with plaintiff's employment contracts and business expectancy and defamed her.

This matter is currently before the court on plaintiff's motion to remand (Doc. # 7), in which plaintiff argues that the addition of defendant Scott-Dawdy has destroyed the complete diversity of citizenship between the parties and the court's jurisdiction because both she and plaintiff are citizens of Kansas. Defendants respond by arguing that defendant Scott-Dawdy has been fraudulently joined as a party, making remand inappropriate. Defendants also argue that joining defendant Scott-Dawdy violates the rule for permissive joinder under Federal Rule of Civil Procedure 20 because the claims against her do not arise out of the same transaction or occurrence as the breach of contract alleged against Radiant. The court finds that defendant Scott-Dawdy was not fraudulently joined because defendants have not met their burden of showing that there is no possibility that plaintiff would be able to establish a cause of action against defendant Scott-Dawdy in state court and that the claims against defendant Scott-Dawdy arise out of the same transaction or occurrence and have a common question of fact as plaintiff's breach of contract claim, and therefore, the court grants plaintiff's motion to remand.

**Standard for Removal**

A civil action is removable only if a plaintiff could have originally brought the action in federal court. 28 U.S.C. § 1441(a). The court is required to remand "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." *Id.* § 1447(c).

2

Because federal courts are courts of limited jurisdiction, the law imposes a presumption against federal jurisdiction. *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir.1974). The party invoking the court's removal jurisdiction has the burden to establish the court's jurisdiction. *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir.1995). The court must resolve any doubts in favor of remand. *Fajen v. Found. Reserve Ins. Co.,* 683 F.2d 331, 333 (10th Cir.1982).

**Analysis**

A defendant may remove any civil action brought in a state court if a federal court has original jurisdiction over the claim. 28 U.S.C. § 1441(a). A federal court has original jurisdiction over diversity actions where the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a).  Radiant contends that this court has diversity jurisdiction because plaintiff is a citizen of Kansas and Radiant is a Delaware corporation with its principal place of business in Bellevue, Washington. While conceding that defendant Scott-Dawdy is resident of Kansas, defendants allege that plaintiff fraudulently joined this defendant to destroy the court's diversity jurisdiction and that joinder of the claims against defendant Scott-Dawdy violated the permissive joinder requirements of Fed. R. Civ. P. 20.[2]  The court finds that the claims against defendant Scott-Dawdy were not fraudulently joined nor did their joinder violate Rule 20.

_____

[2] Plaintiff alleges that she suffered damages in excess on $75,000.

3

## I.       Fraudulent Joinder

It has long been held that the right of removal cannot be defeated by "a fraudulent joinder of a resident defendant having no real connection with the controversy." *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921). Fraudulent joinder is a term of art, it does not reflect on the integrity of plaintiff or counsel, but rather exists regardless of the plaintiff's motives when the circumstances do not offer any other justifiable reason for joining the defendant. *Chilton Private Bank v. Norsec-Cook, Inc.,* 99 B.R. 402, 403 (N.D.Ill.1989). Defendants bear the burden of proving fraudulent joinder. *Getty Oil Div. of Texaco v. Ins. Co. of N. Am.,* 841 F.2d 1254, 1259 (5th Cir.1988); *Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440 (11th Cir.1983). This burden is indeed a heavy one, as the Tenth Circuit has explained:

> To prove their allegation of fraudulent joinder [the removing parties] must demonstrate that there is *no* possibility that [plaintiff] would be able to establish a cause of action against [the joined party] in state court. In evaluating fraudulent joinder claims, we must initially resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party. We are then to determine whether that party has *any* possibility of recovery against the party whose joinder is questioned.

*Montano v. Allstate Indem.,* No. 99-2225, 211 F.3d 1278, 2000 WL 525592, at *1-2 (10th Cir. 2000)[3] (citing *Hart v. Bayer Corp.,* 199 F.3d 239, 246 (5th Cir.2000), and *Pampillonia v. RJR*

---

[3] The court recognizes that pursuant to 10th Cir. R. 36.3(B) that citation to unpublished decisions is disfavored. The Tenth Circuit, however, has not clearly set forth the evidentiary standard applicable to fraudulent joinder claims in previous published opinions. Moreover, the court's analysis in *Montano* has persuasive value with respect to this issue and it assists this court in the disposition of the pending motion. *See* 10th Cir. R. 36.3(B)(1)-(2) (explaining that unpublished decisions may be cited if they have persuasive

*Nabisco, Inc.*, 138 F.3d 459, 461 n. 3 (2d Cir.1998)) (emphasis added). This standard is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6). *Loeffelbein v. Milberg Weiss Bershad Hynes & Lerach, LLP,* No. Civ. A. 02-2435-CM, 2003 WL 21313957, at *5 (D. Kan. May 23, 2003).

Thus, to defeat plaintiff's motion to remand it is incumbent upon defendants to show that there is no possibility that plaintiff would be able to establish a cause of action against defendant Scott-Dawdy in state court.[4] To resolve the issue, the court examines the claims plaintiff has asserted against defendant Scott-Dawdy.

---

value with respect to a material issue not addressed in a published opinion and it would assist the court in its disposition).

[4] In this case, defendants cite and argue under the incorrect legal standard while opposing plaintiff's motion to remand. In their memorandum in opposition to remand defendants state that "[u]pon a challenge to removal, the factors that should be considered in guiding a District Court's discretion about proposed joinder of a diversity-defeating party are: (1) plaintiff's motive in adding parties and claims (i.e. the extent to which joinder is sought merely to defeat federal jurisdiction); (2) the defendant's interest in the forum; (3) whether the plaintiff has been dilatory in requesting joinder; (4) the risk plaintiff will experience significant injury by pursuing multiple lawsuits if remand is not allowed; and (5) prejudice to defendant. Alpers Jobbing Co. v. Northland Gas Co. Co., 173 F.R.D. 517, 519-20 & 6 (E.D. Mo. 1997); Mammano v. American, Honda Motor Co. Co., 941 F.Supp. 323, 325 (W.D.N.Y. 1996); Smith v. Arkansas La. Gas Co. , Co., 157 F.R.D. 34, 35-36 (E.D. Tex. 1994); O'Connor v. Automobile Ins. Co., Co., 846 F.Supp. 39, 41 (E.D. Tex. 1994); see, also 16 JAMES Wm. MOORE, ET AL., MOORE'S FEDERAL PRACTICE, 107.41[2][d] (1998)(collecting cases)." This simply is not the standard that the Tenth Circuit has articulated to decide whether diversity defeating joinder should or should not be allowed. Even if it were, however, this court would arrive at the same result. The first factor is the only one which even arguably points in defendants' direction. The other four strongly support remand.

**A.     Tortious Interference with Employment Contract and**
**Tortious Interference with Business Expectancy**

Plaintiff alleges that both Radiant and defendant Scott-Dawdy have tortiously interfered with her attempts to seek research work and contracts with third parties. Specifically, plaintiff alleges that  defendant Scott-Dawdy, independently and as an employee of Radiant, made false statements about plaintiff to third parties, and  that these statements interfered with plaintiff's ability to conduct business and enter into contracts with third parties.

It is well settled under Kansas law that one who, without justification, induces or causes a breach of a contract to which it is not a party will be answerable for damages caused thereby.  *Turner v. Halliburton Co.*, 240 Kan. 1, 12 (1986).  The essential elements of a claim for tortious interference with contract are: (1) the contract; (2) the wrongdoer's knowledge thereof; (3) his or her intentional procurement of its breach; (4) the absence of justification; and (5) damages resulting therefrom.  *Burcham v. Unison Bancorp, Inc.,* 276 Kan. 393, 423 (2003).

Defendants do not argue that plaintiff's claim lacks any of the five necessary elements, and therefore, the court finds that there is the possibility that plaintiff would be able to establish a cause of action for tortious interference with contract against defendant Scott-Dawdy in state court.

Plaintiff also alleges that defendants are liable for tortious interference with plaintiff's business expectancy under the facts set out above.  Kansas recognizes a cause of action for tortious interference with a prospective business expectancy. The essential elements of this tort are:

> (1) the existence of a business relationship or expectancy with the probability of future economic benefit to the plaintiff; (2) knowledge of the relationship or expectancy by the defendant[s]; (3) that, except for the conduct of the defendant[s], plaintiff was reasonably certain to have continued the relationship or realized the expectancy; (4) intentional misconduct by defendant[s]; and (5) damages suffered by plaintiff as a direct or proximate cause of defendant[s'] misconduct.

*Burcham v. Unison Bancorp, Inc.*, 276 Kan, 393, 424 (2003)(citation omitted).   Tortious interference with business expectancy is predicated on malicious conduct by the defendant. *Id.*

Once again, defendants do not argue that plaintiff's claim lacks any of the five necessary elements for tortious interference with business expectancy, and therefore, the court finds that there is the possibility that plaintiff would be able to establish a cause of action against defendant Scott-Dawdy in state court.

### B.      Defamation

Plaintiff also alleges that Radiant and defendant Scott-Dawdy are liable for defamation, as they communicated false and defamatory words and statements about plaintiff, including but not limited to false statements about her work history, employment status and ethics.   The elements of defamation include: (1) false and defamatory words (2) communicated to a third person (3) which result in harm to the reputation of the person defamed. *Lloyd v. Quorum Health Resources, L.L.C.*, 31 Kan. App.2d 943, 952 (2003);   *Lindemuth v. Goodyear Tire & Rubber Co.*, 19 Kan. App.2d 95, 102 (1993).

Defendants, however, do not argue that plaintiff's claim lacks any of the three necessary elements, and therefore, the court finds that there is the possibility that plaintiff would be able to establish a defamation claim against defendant Scott-Dawdy in state court.

## II.     Misjoinder of Parties

Defendants argue that even if defendant Scott-Dawdy has not been fraudulently joined, her joinder violates the permissive joinder requirements of Fed. R. Civ. P. 20.[5]     While plaintiff did not respond to defendants' argument, it is clear that plaintiff did not violate Rule 20 by joining defendant Scott-Dawdy.  Rule 20(a) provides in part:

> All persons... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

The purpose of Rule 20(a) is "to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." 7 Charles Alan Wright, et al., Federal Practice and Procedure § 1652 (3d ed.2001). Rule 20(a) is to be construed broadly and "joinder of claims, parties, and remedies is strongly encouraged." *Biglow v. Boeing Co.,* 201 F.R.D. 519, 520 (D. Kan. 2001) (quoting *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 724, 86 S. Ct. 1130, 16 L. Ed.2d 218 (1966)).

The first requirement for joinder is that the claims must "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a). " 'Transaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *DIRECTV, Inc. v. Barrett,* 220 F.R.D. 630, 631 (D. Kan.,2004)

---

[5]  The court notes that plaintiff did not need to request leave to amend her petition as Fed. R. Civ. P. 15(a) states that a party may amend its pleadings once as a matter of course at any time before a responsive pleading is served.

( quoting *Mosley v. Gen. Motors Corp.,* 497 F.2d 1330, 1333 (8th Cir. 1974) (citation and internal quotation marks omitted);) *see also LASA Per L'Industria Del Marmo Societa Per Azioni v. Alexander,* 414 F.2d 143, 147 (6th Cir. 1969). "[L]anguage in a number of decisions suggests that the courts are inclined to find that claims arise out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court." *632 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1653.

The court finds that plaintiff's breach of contract claim arises out of the same transaction, occurrence, or series of transactions or occurrences as plaintiff's tortious inference with contract and business expectancy claims and plaintiff's defamation claim because overlapping proof will be required as to whether plaintiff was justly terminated or if Radiant breached its contract with plaintiff, as the circumstances surrounding plaintiff's termination are relevant to all three claims. *See Gassmann v. Evangelical Lutheran Good Samaritan Society, Inc.,* 933 P.2d 743, 746 (Kan. 1997) (holding that all evidence obtained regarding employee conduct must be examined in a breach of employment contract case); *Burcham v. Unison Bancorp, Inc.*, 77 P.3d 130, 152 (Kan. 2003) (noting that tortious interference claims are predicated upon malicious conduct by the defendant and that a person may be privileged or justified to interfere in certain situations); *Lloyd v. Quorum Health Resources, L.L.C.*, 77 P.3d 993, 1000-01 (Kan. App. 2003) (noting that a qualified privilege exists with respect to employment communications and " '[w]here a defamatory statement is made in a situation where there is a qualified privilege the injured party has the burden of

proving not only that the statements were false, but also that the statements were made with actual malice--*with actual evil-mindedness or specific intent to injure*.' ") (citation omitted and emphasis in original).    Not only will overlapping proof be required for all three of plaintiff's claims, but it will also be required for Radiant's claims against plaintiff for breach of contract as explained by the *Gassmann* case cited above and Radiant's breach of fiduciary duty, as Radiant alleges that plaintiff did not act for its benefit within the scope of the employer-employee relationship.

The second requirement is that there must be a common question of law or fact.  Fed. R. Civ. P. 20(a).  Some, not all, questions of law or fact must be common.  *Mosley,* 497 F.2d at 1334.    Here, all of plaintiff's claims as well as Radiant's claims possess a common question of fact, did plaintiff or Radiant breach plaintiff's employment contract.

Because the claims arise out of the same transaction or occurrence and there is a common question of fact among all of the claims in the case, the court finds that joinder of defendant Scott-Dawdy was proper per Rule 20.

**Conclusion**

The court grants plaintiff's motion to remand because defendants have not established that defendant Scott-Dawdy was fraudulently joined, as the claims against her may succeed in state court, and because the court finds that defendant Scott-Dawdy was properly joined under Rule 20, as all of plaintiff's claims claim arise out of the same  transaction, occurrence, or series of transactions or occurrences and possess a common question of fact.

**IT IS THEREFORE ORDERED BY THE COURT** plaintiff's motion to remand (Doc. # 7) is granted.  The case is remanded to the District Court of Wyandotte County, Kansas. A certified copy of this order of remand shall be mailed by the clerk to the clerk of the state court.

**IT IS SO ORDERED** this 25th day of April, 2005.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge